UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

KALE STEMS, LLC d/b/a STONEACRE
BRASSERIE; CHIVE BLOSSOM, LLC d/b/a
STONEACRE GARDEN; RADISH PATCH,
LLC d/b/a STONEACRE TAPAS;
CHRISTOPHER BENDER; and DAVID
CROWELL,

Defendants.

Civil Action No. 1:22-cv-00289

Jury Demand

Injunctive Relief Sought

<u>COMPLAINT</u>

1.      Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor

(the "Secretary"), brings this case because Defendants Kale Stems, LLC d/b/a Stoneacre

Brasserie; Chive Blossom, LLC d/b/a Stoneacre Garden; Radish Patch, LLC d/b/a Stoneacre

Tapas; Christopher Bender; and David Crowell (collectively, the "Defendants") have failed to

pay their employees the federal minimum wage and required overtime premium, kept

employees' tips, misclassified employees as exempt from overtime pay requirements, and failed

to maintain accurate employment-related records, all in violation of the Fair Labor Standards Act

(the "FLSA" or "Act").

2.      The Secretary seeks to enjoin Defendants from violating the provisions of

Sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), and

215(a)(5), and to recover tips Defendants kept from their employees and wages that Defendants

failed to pay their employees, as well as liquidated damages, pursuant to the provisions of

1

Sections 3(m)(2)(B), 15(a)(2), 16(c), and 17 of the FLSA, 29 U.S.C. §§ 203(m)(2)(B), 215(a)(2), 216(c), and 217.

3. The time period covered by this Complaint is April 13, 2016 through at least January 4, 2021.

Jurisdiction and Venue

4. Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in the United States District Court for the District of Rhode Island because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

The Parties

*Plaintiff Secretary of Labor*

6. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover withheld tips, back wages, and liquidated damages, and is the proper plaintiff for this action.

*Defendant Kale Stems, LLC d/b/a Stoneacre Brasserie*

7. Defendant Kale Stems, LLC d/b/a Stoneacre Brasserie ("Stoneacre Brasserie") is a limited liability corporation that operates as a full service restaurant at 28 Washington Square, Newport, Rhode Island 02840, within the jurisdiction of this Court.

8. Stoneacre Brasserie employs employees who work as wait staff, bartenders, food preparation workers, cooks, and dishwashers.

9. Stoneacre Brasserie has set its employees' method of compensation, set policies regarding compensation, and maintained records of employment.

10.     Stoneacre Brasserie has set the hours worked by its employees, supervised employees' work, and hired and fired them.

*Defendant Chive Blossom, LLC d/b/a Stoneacre Garden*

11.     Defendant Chive Blossom, LLC d/b/a Stoneacre Garden ("Stoneacre Garden") is a limited liability corporation that operates as a full service restaurant at 151 Swinburne Row, Newport, Rhode Island 02840, within the jurisdiction of this Court.

12.     Stoneacre Garden employs employees who work as wait staff, bartenders, food preparation workers, cooks, and dishwashers.

13.     Stoneacre Garden has set its employees' method of compensation, set policies regarding compensation, and maintained records of employment.

14.     Stoneacre Garden has set the hours worked by its employees, supervised employees' work, and hired and fired them.

*Defendant Radish Patch, LLC d/b/a Stoneacre Tapas*

15.     Defendant Radish Patch, LLC d/b/a Stoneacre Tapas ("Stoneacre Tapas") was a limited liability corporation that operated as a full service restaurant at 515 Thames Street, Newport, Rhode Island 02840, within the jurisdiction of this Court.

16.     Stoneacre Tapas employed employees who worked as wait staff, bartenders, food preparation workers, cooks, and dishwashers.

17.     Stoneacre Tapas set its employees' method of compensation and set policies regarding compensation.

18.     Stoneacre Tapas set the hours worked by its employees, supervised employees' work, and hired and fired them.

*Defendant Christopher Bender*

19.     Defendant Christopher Bender transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court, and is an owner of Stoneacre Brasserie, Stoneacre Garden, and Stoneacre Tapas.

20.     In addition to being an owner, Defendant Bender has also personally managed the day-to-day business affairs and operations of Stoneacre Brasserie, Stoneacre Garden, and Stoneacre Tapas.

21.     Bender operated and oversaw these businesses, hired, fired, and supervised employees, assigned employees their work, set the particular hours of work for employees, and determined the policies and practices regarding employees' pay.

22.     Defendant Bender's actions concerning pay practices have affected the amounts of compensation received by these restaurants' employees.

23.     Defendant Bender has acted directly and indirectly in the interest of Stoneacre Brasserie, Stoneacre Garden, and Stoneacre Tapas in relation to their employees and, therefore, is and has been an employer of those employees within the meaning of Section 3(d) of the FLSA, *see* 29 U.S.C. § 203(d).

24.     The claims against Defendant Bender in this case arise out of and are directly related to Bender's business activities in Rhode Island.

*Defendant David Crowell*

25.     Defendant David Crowell transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court, and is an owner of Stoneacre Brasserie, Stoneacre Garden, and Stoneacre Tapas.

26.     In addition to being an owner, Defendant Crowell has also personally managed the day-to-day business affairs and operations of Stoneacre Brasserie and Stoneacre Garden.

27.     Crowell operated and oversaw these businesses, hired, fired, and supervised employees, assigned employees their work, set the particular hours of work for employees, and determined the policies and practices regarding employees' pay.

28.     Defendant Crowell's actions concerning pay practices have affected the amounts of compensation received by these restaurants' employees.

29.     Defendant Crowell has acted at all times material herein directly and indirectly in the interest of Stoneacre Brasserie and Stoneacre Garden in relation to their employees and, therefore, is and has been an employer of those restaurants' employees within the meaning of Section 3(d) of the Act, *see* 29 U.S.C. § 203(d).

30.     The claims against Defendant Crowell in this case arise out of and are directly related to Crowell's business activities in Rhode Island.

<u>Defendants Are an Enterprise Engaged in Commerce</u>

31.     At all times covered by this Complaint, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

32.     At all times covered by this Complaint, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. For example, Defendants use food and wine suppliers located in Massachusetts.

5

33.     Defendants Christopher Bender and David Crowell are owners of the Defendant restaurants.

34.     These restaurants share employees across the different locations, use the same vendors, and use the same payroll account for each of the restaurant locations.

35.     Defendants' enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

36.     For the period covered by this Complaint, Defendants' employees have been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

Defendants are Joint Employers Under the FLSA

37.     At all times covered by this Complaint, Defendants have been joint employers for purposes of the FLSA.

38.     Defendants do not operate independently and are not disassociated with respect to their employment of employees.

39.     Defendant Bender and Defendant Crowell share common ownership of the Defendant restaurants.

40.     Defendants share employees' services across multiple restaurant locations.

41.     One example of this arrangement is an employee who worked as a line cook at Stoneacre Brasserie and a line cook at Stoneacre Tapas.

42.     Employees prepare ingredients at Stoneacre Brasserie and then the food is transported to Stoneacre Tapas for cooking.

43.     As joint employers, Defendants were required to aggregate employees' hours worked across multiple locations during any single workweek.

44.     Defendants failed to aggregate employees' hours worked across multiple locations during a single workweek.

<u>Defendants' Wage and Hour Practices</u>

45.     Between April 13, 2016 and at least January 4, 2021, Defendants violated the provisions of Section 3(m)(2)(B), 6, 7, and 11 of the Act, 29 U.S.C. §§ 203(m)(2)(B), 206, 207, and 211, by improperly including managers and owners in tip pools, failing to pay employees at one and one-half times their regular rates of pay for hours worked over 40 in a workweek, and failing to maintain required records of the hours that employees worked.

46.     Defendants are liable for tips and wages owed to these employees plus an equal amount of liquidated damages, as set forth below.

*Stoneacre Brasserie and Stoneacre Tapas Kept Employees' Tips in Violation of Section 3(m)(2)(B) of the FLSA*

47.     Defendants compensated front-of-the-house servers, runners, bartenders and bussers through a tip pooling arrangement at Stoneacre Brasserie and Stoneacre Tapas.

48.     Beginning on or about March 23, 2018, Defendants Stoneacre Brasserie and Stoneacre Tapas improperly kept employees' tips by allowing owners Christopher Bender and David Crowell, as well as managers Ana Lake, John Massed, and Sarah Rebello, to participate in the tip pooling arrangement in violation of Section 3(m)(2)(B) of the FLSA, 29 U.S.C. § 203(m)(2)(B).

49.      Christopher Bender has been an owner and Director of Operations of Stoneacre Brasserie and Stoneacre Tapas through at least January 4, 2021.

50.     As an owner and Director of Operations, Defendant Bender participated in the tip pools at Stoneacre Brasserie and Stoneacre Tapas, from which Bender received tips.

51.     As an owner and Director of Operations, Defendant Bender's primary duty was to manage these restaurants.

52.     As an owner and Director of Operations, Defendant Bender's duties included setting the menu, hiring, firing, supervising two or more employees, making decisions regarding employees' compensation, and setting the work schedule for employees.

53.     Defendant David Crowell has been an owner of Stoneacre Brasserie and Stoneacre Tapas through at least January 4, 2021.

54.     As an owner, Defendant Crowell participated in the tip pools at Stoneacre Brasserie and Stoneacre Tapas, from which Crowell received tips.

55.     Defendant Crowell's primary duty was to manage these restaurants.

56.     As an owner, Defendant Crowell's duties included hiring, firing, and supervising two or more employees.

57.     Ana Lake worked as Assistant Director of Operations at Stoneacre Brasserie through at least April 2020.

58.     While working as Assistant Director of Operations, Ana Lake participated in the tip pools at Stoneacre Brasserie and Stoneacre Tapas, from which Lake received tips.

59.     While working as the Assistant Director of Operations, Ana Lake's primary duty was to manage the operations at various of the restaurant locations.

60.     While working as the Assistant Director of Operations, Ana Lake's duties included hiring, firing, supervising two or more employees, and handling payroll.

61.     John Massed was the general manager at Stoneacre Brasserie through at least January 4, 2021.

62.     While working as a general manager at Stoneacre Brasserie, John Massed participated in the tip pool at Stoneacre Tapas, from which Massed received tips.

63.     While working as a general manager at Stoneacre Brasserie, John Massed's primary duty was to manage the restaurant.

64.     While working as a general manager at Stoneacre Brasserie, John Massed's duties included hiring, firing, setting employee's work schedules, and supervising two or more employees.

65.     Sarah Rebello worked as a floor manager at Stoneacre Brasserie and/or Stoneacre Tapas through at least August 27, 2018.

66.     While working as a floor manager, Sarah Rebello participated in the tip pool at Stoneacre Tapas, from which Rebello received tips.

67.     While working as a floor manager at Stoneacre Brasserie and/or Stoneacre Tapas, Sarah Rebello's primary duty was to manage the restaurant(s).

68.     While working as a floor manager at Stoneacre Brasserie and/or Stoneacre Tapas, Sarah Rebello's duties included hiring, firing and supervising two or more employees, handling payroll, and setting the work schedule for employees.

*Stoneacre Brasserie and Stoneacre Tapas Failed to Pay Employees the FLSA Minimum Wage*

69.     During the period from April 13, 2017 through at least March 2018, Defendants Stoneacre Brasserie and Stoneacre Tapas failed to pay approximately 88 front-of-the-house employees the required minimum wage under the FLSA.

70.     Defendants Stoneacre Brasserie and Stoneacre Tapas took a tip credit toward their FLSA minimum wage obligations to front-of-the-house employees.

71.     As stated above, Defendant Bender participated in the tip pools at Stoneacre Brasserie and Stoneacre Tapas, from which Bender received tips.

72.     While serving as an owner and Director of Operations at Stoneacre Brasserie and Stoneacre Tapas, Defendant Bender was not a customarily and regularly tipped employee.

73.     As stated above, Defendant Crowell participated in the tip pools at Stoneacre Brasserie and Stoneacre Tapas, from which Crowell received tips.

74.     While serving as an owner at Stoneacre Brasserie and Stoneacre Tapas, Defendant Crowell was not a customarily and regularly tipped employee.

75.     Because Defendants Stoneacre Brasserie and Stoneacre Tapas took a tip credit and included in the restaurants' tip pools individuals who did not customarily and regularly receive tips, the tip pools at Stoneacre Brasserie and Stoneacre Tapas violated the FLSA.

76.     Given that the tip pools at Stoneacre Brasserie and Stoneacre Tapas violated the FLSA, Defendants Stoneacre Brasserie and Stoneacre Tapas were not entitled to take a tip credit toward their FLSA minimum wage obligations under the statute.

77.     Without that tip credit, Defendants Stoneacre Brasserie and Stoneacre Tapas failed to pay front-of-the-house employees the minimum wage required by Section 6 of the FLSA, 29 U.S.C. § 206.

78.     Defendant Stoneacre Brasserie owes approximately 66 employees minimum wage back wages as a result of the tip pool at Stoneacre Brasserie that violated the FLSA.

79.     Defendant Stoneacre Tapas owes approximately 22 employees minimum wage back wages as a result of the tip pool at Stoneacre Tapas that violated the FLSA.

*Defendants Failed to Pay Employees the Required FLSA Overtime Premium*

80.   Defendants failed to properly compensate approximately 85 employees for overtime hours worked.

81.   Specifically, Defendants paid those employees at rates less than one and one-half times the regular rates at which the employees were employed for overtime hours worked.

**Overtime Violation Category # 1: Defendants Failed to Pay Front-of-the-House Employees the Overtime Premium**

82.   Defendants paid front-of-the-house employees an overtime rate for hours worked over 40 in a workweek based on their cash wages rather than their regular rates of pay.

83.   Examples of workweeks when Defendants paid front-of-the house employees an overtime rate based on their cash wages include the following:

   a.   One employee at Stoneacre Brasserie worked 43.39 hours during the week ending October 26, 2018. For hours worked over 40, Defendants paid this employee at time-and-one-half their tipped hourly cash wage of $3.89. Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell did not compensate that employee at one and one-half times the regular rate at which the employee was employed for hours worked over 40 in that workweek.

   b.   One employee at Stoneacre Tapas worked 48 hours during the week ending June 2, 2017. For hours worked over 40, Defendants paid this employee at time-and-one-half their tipped hourly rate of $3.39. Defendants Stoneacre Tapas, Christopher Bender, and David Crowell did not compensate that employee at one and one-half times the regular rate at which the employee was employed for hours worked over 40 in that workweek.

84.     As a result of the invalid tip pools at Stoneacre Tapas and Stoneacre Brasserie as set forth above, Defendants Stoneacre Tapas and Stoneacre Brasserie paid front-of-the-house employees at rates less than one and one-half times the regular rates at which those employees were employed for overtime hours worked.

85.     An example of a workweek when Defendants failed to pay front-of-the-house employees the required FLSA overtime premium due to the invalid tip pools is the following: One employee at Stoneacre Brasserie worked 46.11 hours during the week ending August 10, 2018. For this workweek, Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell did not compensate that employee at one-and-one-half times the regular rate at which the employee was employed for hours worked over 40 in that workweek.

86.     Defendants failed to combine front-of-the-house employees' hours worked at multiple restaurant locations.

87.     Certain front-of-the-house tipped employees worked at Stoneacre Brasserie, Stoneacre Tapas, and Stoneacre Garden during the same workweek.

88.     Where front-of-the-house tipped employees worked at these locations in the same workweek, Defendants failed to combine their hours worked for purposes of computing overtime and paid employees at straight-time rates for all hours worked.

89.     Examples of workweeks where Defendants failed to combine hours worked at Stoneacre Brasserie, Stoneacre Tapas, and Stoneacre Garden include the following:

a.  One front-of-the-house employee worked 28.29 hours at Stoneacre Brasserie and 16 hours at Stoneacre Tapas during the week ending August 24, 2018. Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell did not compensate that employee at one-and-one-half times

12

the regular rate at which the employee was employed for hours worked over 40 in that workweek.

b.  One front-of-the-house employee worked 17 hours at Stoneacre Brasserie and 32 hours at Stoneacre Tapas during the week ending October 20, 2017. Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell did not compensate that employee at one-and-one-half times the regular rate at which the employee was employed for hours worked over 40 in that workweek.

90.    Some front-of-the-house employees at Stoneacre Brasserie and Stoneacre Tapas did not receive any overtime premium for hours worked over 40 in a workweek.

91.    An example of a workweek where Defendants failed to pay a front-of-the-house employee the required FLSA overtime premium is the following: One employee worked approximately 46 hours at Stoneacre Brasserie during the week ending November 16, 2018. Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell did not compensate that employee at one and one-half times the regular rate at which the employee was employed for hours worked over 40 in that workweek.

**Overtime Violation Category # 2: Defendants Paid Back-of-the-House Employees Straight Time for All Hours Worked**

92.    Defendants paid back-of-the-house employees at straight-time rates for hours worked over 40 in a workweek.

93.    Defendants paid back-of-the-house employees through multiple paychecks from different entities.

94.    Some back-of-the-house employees at Stoneacre Brasserie, Stoneacre Garden, and Stoneacre Tapas performed work at multiple locations during the same workweek.

13

95.     Where this occurred, Defendants failed to combine back-of-the-house employees' work hours across multiple locations for purposes of calculating overtime compensation due.

96.     An example of a workweek where Defendants failed to pay a back-of-the-house employee the required FLSA overtime premium is the following: During the week ending October 22, 2017, one back-of-the-house employee worked approximately 58 hours at Stoneacre Brasserie and Stoneacre Tapas. For this work, the employee was paid $540.00 by Stoneacre Brasserie and $243.27 by Stoneacre Tapas. Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell did not compensate that employee at one and one-half times the regular rate at which the employee was employed for hours worked over 40 in that workweek.

97.     Defendants' payment of straight-time rates to back-of-the-house employees for overtime hours worked was willful because Defendants intentionally failed to pay these employees the FLSA required overtime premium or acted with reckless disregard for the requirements of the FLSA.

**Overtime Violation Category # 3: Defendants Stoneacre Brasserie and Stoneacre Tapas Misclassified Line Cooks as Exempt from Overtime Pay**

98.     Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell misclassified their line cooks as exempt under Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1).

99.     Defendants' failure to properly treat line cooks as non-exempt deprived those employees of their rights under the FLSA.

100.    Defendants should have treated the line cooks as non-exempt employees under the FLSA, which would have resulted in the line cooks being covered by, among other things, the FLSA's overtime provisions, *see* 29 U.S.C. § 207.

101.   As a result of this misclassification, Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell failed to properly compensate approximately four line cooks for the hours they worked in excess of 40 hours per week.

102.   Specifically, those Defendants paid the line cooks at rates less than one and one-half times the regular rates at which those line cooks were employed for hours worked over 40 in certain workweeks.

103.   During the time period covered by this Complaint, the primary duty of Defendants' line cooks was to cook food.

104.   Line cooks' duties included working at the salad and dessert station, sautéing food, and using the wood oven.

105.   Line cooks did not have the authority to hire or fire employees and they did not customarily supervise two or more employees.

106.   Defendants paid at least one line cook a flat rate even when the line cook worked varying numbers of overtime hours.

107.   Defendants paid at least one line cook from multiple checks, and the check payments often did not include an overtime premium for hours worked over 40 in a workweek.

108.   An example of Defendants paying a line cook a flat rate when the employee worked varying hours over 40 is the following: During the workweek ending October 29, 2017, a line cook at Stoneacre Brasserie worked approximately 35 overtime hours and received two checks for $500 each. In the workweek ending November 12, 2017, this employee worked approximately 37 overtime hours and again received two checks for $500 each.

109.   Defendants' failure to properly compensate line cooks for overtime hours worked was willful because Defendants intentionally failed to pay these employees the FLSA required overtime premium or acted with reckless disregard for the requirements of the FLSA.

**Overtime Violation Category # 4: Defendants Stoneacre Tapas and Stoneacre Brasserie Misclassified Sous Chefs as Exempt from Overtime Pay**

110.   Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell misclassified sous chefs as exempt under Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1).

111.   During the time period covered by this Complaint, Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell failed to pay the required overtime rates to approximately two sous chefs.

112.   These Defendants failed to properly compensate their sous chefs for the hours these employees worked in excess of 40 hours per week.

113.   Specifically, Defendants paid the sous chefs at rates less than one and one-half times the regular rates at which the sous chefs were employed in weeks when they worked in excess of 40 hours in a workweek.

114.   During the time period covered by this Complaint, the sous chefs' responsibilities included preparing food, expediting meal service, cleaning the kitchen, mopping floors, and storing food.

115.   These sous chefs did not have the authority to hire or fire employees and were not paid on a bona fide salary basis, *see* 29 C.F.R. § 541.602.

116.   An example of Defendants' failure to pay a sous chef the required overtime premium under the FLSA is the following: During the week ending January 4, 2019, one sous chef at Stoneacre Brasserie and Stoneacre Tapas worked approximately 62 hours. For this

16

work, the employee was paid $815.39. Defendants Stoneacre Brasserie, Stoneacre Tapas, Cristopher Bender, and David Crowell did not compensate that employee at one and one-half times the regular rate at which the employee was employed in that week.

**Overtime Violation Category # 5: Defendants Stoneacre Brasserie and Stoneacre Tapas Misclassified Two Employees with Varying Duties as Exempt from Overtime Pay**

117.    Two front-of-the-house employees, Ryan Smith and Melissa Chaplin, worked as floor managers in addition to working as servers.

118.    Defendants Stoneacre Brasserie and Stoneacre Tapas misclassified these employees as exempt from the overtime pay requirements of the FLSA.

119.    Melissa Chaplin's primary duty was to be a server.

120.    Chaplin's primary duty was not management of Defendants' enterprise. *See* 29 C.F.R. § 541.100(a)(2).

121.    Ryan Smith's primary duty was to be a server.

122.    Smith's primary duty was not management of Defendants' enterprise. *See* 29 C.F.R. § 541.100(a)(2)

123.    Defendants Stoneacre Brasserie and Stoneacre Tapas failed to combine these non-exempt employees' total hours worked for purposes of computing overtime.

124.    Examples of workweeks where Defendants failed to combine Ryan Smith and Melissa Chaplin's hours worked include the following:

    a.    Ryan Smith worked approximately 20 hours as a floor manager at Stoneacre Brasserie during the week ending November 30, 2018. During the same workweek, he also worked as a server for approximately 9 hours at Stoneacre Brasserie and approximately 16 hours at Stoneacre Tapas. In total, Smith worked approximately 45 hours as both a server and as a floor manager in that

17

workweek. For this workweek, Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell did not combine Smith's work hours and compensate Smith at one-and-one-half times the regular rate at which Smith was employed for hours worked over 40 in that week.

b. Melissa Chaplin worked approximately 21 hours as a server at Stoneacre Brasserie during the week ending May 18, 2018. During this same workweek, Chaplin also worked approximately 30 hours as a floor manager at Stoneacre Brasserie. In total, Chaplin worked approximately 51 hours as a server and as a floor manager in that workweek. For this workweek, Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell did not combine Chaplin's work hours and compensate Chaplin at one-and-one-half times the regular rate at which Chaplin was employed for hours worked over 40 in that week.

**Overtime Violation Category # 6: Defendant Stoneacre Brasserie Misclassified its Chef of Day Cuisine as Exempt from Overtime Pay**

125.      Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell misclassified a chef of day cuisine as exempt under Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1).

126.      Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell failed to properly compensate a chef of day cuisine for the hours this employee worked in excess of 40 hours per week.

127.      Specifically, Defendants paid this chef of day cuisine at rates less than one and one-half times the regular rate at which this employee was employed for hours worked in excess of 40 hours in certain workweeks.

128.     During the time period covered by this Complaint, the chef of day cuisine did not have the authority to hire or fire employees and was not paid on a bona fide salary basis, *see* 29 C.F.R. § 541.602.

129.     An example of Defendants' failure to pay this chef of day cuisine the overtime premium required by the FLSA is the following: During the week ending January 4, 2019, the chef of day cuisine worked approximately 62 hours. This employee was paid $1,442.31. Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell did not compensate that employee at one and one-half times the regular rate at which the employee was employed for hours worked over 40 in that week.

**Overtime Violation Category # 7: Defendant Stoneacre Brasserie Misclassified its Dishwasher as Exempt from Overtime Pay**

130.     Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell misclassified a dishwasher as exempt under Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1).

131.     Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell failed to properly compensate the dishwasher for the hours this employee worked in excess of 40 hours per week.

132.     Specifically, these Defendants paid the dishwasher at rates less than one and one-half times the regular rate at which this employee was employed for hours worked in excess of 40 hours in certain workweeks.

133.     During the time period covered by this Complaint, the dishwasher's primary duty was washing dishes.

134.     This employee did not have the authority to fire or fire other employees and was compensated at a rate of less than $455/week or $684/week during the time periods when those amounts were the applicable salary for exemption purposes.

135.     An example of a workweek when these Defendants failed to pay the dishwasher the overtime premium required by the FLSA is the following: During the week ending October 26, 2018, the dishwasher worked 48.03 hours and was paid $13.00 per hour for all hours worked. For this week, Defendants Stoneacre Brasserie, Christopher Bender, and David Crowell failed to pay this employee the overtime premium required by the FLSA.

136.     Defendants' failure to properly compensate the dishwasher for overtime hours worked was willful because Defendants intentionally failed to pay this employee the FLSA required overtime premium or acted with reckless disregard for the requirements of the FLSA.

**Overtime Violation Category # 8: Defendants Misclassified their Assistant Director of Operations as Exempt from Overtime Pay**

137.     Defendants misclassified their assistant director of operations as exempt under Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1).

138.     Defendants failed to properly compensate their assistant director of operations for the hours this employee worked in excess of 40 hours per week.

139.     Specifically, Defendants paid the assistant director of operations at a rate less than one and one-half times the regular rate at which this employee was employed for work in excess of 40 hours in certain workweeks.

140.     During the time period covered by this Complaint, the assistant director of operations was not paid on a bona fide salary basis, *see* 29 C.F.R. § 541.602.

141.     An example of when Defendants failed to pay this employee the overtime premium required by the FLSA is the following: During the week ending February 15, 2019,

the assistant director of operations worked approximately 50 hours and was paid $1,269.24.

Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell did

not pay this employee at one and one-half times the regular rate at which the employee was

employed in this week.

*Defendants Failed to Maintain Records Required by the FLSA*

142.     Defendants violated the FLSA by failing to make, keep, and preserve adequate

and accurate records.

143.     Specifically, Defendants failed to keep adequate and accurate records of

employees' hours worked hours in violation of 29 C.F.R. § 516.2(a).

## COUNT ONE
## Violations of Sections 3(m)(2)(B) of the FLSA—Employers Retaining Tips

144.     The Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

145.     From March 23, 2018 onward, Defendants Stoneacre Brasserie, Stoneacre Tapas,

Christopher Bender, and David Crowell have violated the provisions of Section 3(m)(2)(B) of

the FLSA, 29 U.S.C. § 203(m)(2)(B), by allowing managers or supervisors to keep

employees' tips.

146.     Therefore, Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender,

and David Crowell are liable for the sum of any tip credit taken by the employers, all tips

unlawfully kept from certain employees listed in the attached Exhibit A, and an equal amount

of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
## Violations of Sections 6 & 15(a)(2) of the FLSA—Failure to Pay Minimum Wage

147.     The Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

148.     Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at rates less than the applicable minimum wage under the FLSA.

149.     From April 13, 2017 onward, Defendants Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell violated the provisions of Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by including owners in the tip pool where the owners were not customarily and regularly tipped employees.

150.     Therefore, Stoneacre Brasserie, Stoneacre Tapas, Christopher Bender, and David Crowell are liable for minimum wage compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

### COUNT THREE
### Violations of Sections 7 & 15(a)(2) of the Act—Failure to Pay Overtime

151.     The Secretary incorporates by references and re-alleges all of the foregoing allegations in this Complaint.

152.     Defendants Stoneacre Brasserie, Stoneacre Tapas, Stoneacre Garden, Christopher Bender, and David Crowell violated the provisions of Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which those employees were employed for hours worked in excess of 40 hours in such workweeks, including doing so willfully as set out above.

153.     Therefore, Defendants Stoneacre Brasserie, Stoneacre Tapas, Stoneacre Garden, Christopher Bender, and David Crowell are liable for overtime compensation owed to certain

of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT FOUR
### Violations of Sections 11(c) & 15(a)(5) of the Act—Failure to Make & Keep Records

154.    The Secretary incorporates by references and re-alleges all of the foregoing allegations in this Complaint.

155.    Defendants failed to keep true and accurate records of the hours worked by each of their non-exempt employees in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the Act, including doing so willfully in certain instances, as alleged. WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1.    For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act, including Sections 6, 7, 11, 15(a)(2) and 15(a)(5), 29 U.S.C. §§ 206, 207, 211, 215(a)(2) and 215(a)(5);

2.    For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for withheld tips and unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period from April 13, 2016 through January 4, 2021, plus liquidated damages equal in amount to the unpaid tips and wages found due. Additional amounts of tips, back wages, and liquidated damages may also be

owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after January 4, 2021, and may be owed to certain current and former employees presently unknown to the Secretary who may be identified during this litigation and added to Exhibit A.

3. For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

4. In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

5. Awarding the Secretary the costs of this action; and

6. Granting such other and further relief as may be necessary and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Secretary requests a jury trial in this matter on all issues triable by jury.

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

<u>/s/ Sheila A. Gholkar</u>
Sheila A. Gholkar
Trial Attorney
Gholkar.sheila.a@dol.gov
MA BBO No. 687659

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
Boston Regional Office

DATED: August 4, 2022